# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 24, 2011

## STATE OF TENNESSEE v. VIANEY BECERRA IBANEZ

**Direct Appeal from the Circuit Court for Sullivan County**
**No. S55,989    R. Jerry Beck, Judge**

———————————————

**No. E2010-02240-CCA-R3-CD - Filed July 15, 2011**

———————————————

A Sullivan County jury convicted the Defendant, Vianey Becerra Ibanez, of facilitation of possession of more than .5 grams of cocaine, maintaining a dwelling where controlled substances are used or sold, facilitation of sale of more than .5 grams of cocaine, and delivery of more than .5 grams of cocaine. The trial court sentenced the Defendant to a total effective sentence of eleven years in the Tennessee Department of Correction. On appeal, the Defendant contends the trial court erred when it set the length of her sentence and when it denied her alternative sentencing. Having reviewed the record and applicable law, we conclude the trial court properly sentenced the Defendant. As such, we affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and D. KELLY THOMAS, JR., JJ., joined.

Ricky A.W. Curtis (at trial), Blountville, Tennessee, and L. Dudley Senter, III (on appeal), Bristol, Tennessee, for the Appellant, Vianey Becerra Ibanez.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; H. Greeley Wells, District Attorney General, and Joseph Eugene Perrin, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### I. Facts

This case arises from the Defendant's participation in a controlled buy of more than .5 grams of cocaine, which took place in her home. Based on this conduct, the Defendant

was charged via a presentment with possession of over .5 grams of cocaine for sale or delivery, maintaining a dwelling where controlled substances are used or sold, sale of over .5 grams of cocaine, and delivery of over .5 grams of cocaine.

At the Defendant's jury trial, evidence was presented that an informant accompanied an undercover officer to the Defendant's apartment, where the informant indicated to police he could buy cocaine. When the men arrived, the Defendant answered the door, and after the informant identified himself, the Defendant allowed the men to enter the home. The officer asked to buy an "eight ball," a term used to refer to 3.5 grams of cocaine, for $200. The Defendant agreed and went to a bedroom to retrieve the cocaine. Shortly thereafter, the Defendant asked the officer to come into the bedroom, and the Defendant showed the officer a small plastic bag of cocaine lying on a scale, which indicated that the bag weighed 3.6 grams. The Defendant then handed the bag to the officer, who gave the Defendant $200 in return. According to the officer, the Defendant did not act at the direction of the informant, who the officer said was not involved in the transaction. When police officers later conducted a search warrant of the Defendant's home, they found several plastic bags containing cocaine.

The Defendant testified at her trial that the cocaine seized from her house belonged to the informant and that she was only temporarily storing the cocaine for the informant. She testified that she gave the $200 the officer paid for the cocaine to the informant when he later returned to her apartment.

Based on the evidence presented at trial, the jury acquitted the Defendant of possession of .5 grams of cocaine for sale or delivery, and it convicted her of maintaining a dwelling where controlled substances are used or sold, facilitation of the sale of over .5 grams of cocaine, and facilitation of the delivery of over .5 grams of cocaine. The Defendant does not contest the sufficiency of the evidence supporting her convictions.

At the Defendant's sentencing hearing, neither party presented new testimonial evidence. The Defendant's presentence report was entered, which indicated that the Defendant, a Mexican national who was thirty-one at the time of sentencing, dropped out of school in the tenth grade and illegally immigrated to the United States when she became pregnant at age nineteen. She started using alcohol at age twenty, but she denied having an alcohol abuse issue. She reported smoking marijuana occasionally since age twenty-one, but she denied currently using marijuana. The Defendant used cocaine for the first time at age twenty-nine, and she reported only using the drug "once in a while" and only when offered to her for free.

The Defendant gave a statement for the presentence report denying responsibility for

the controlled buy in this case. The Defendant claimed that the informant had accompanied a mutual friend to her apartment several days before and that the two had inadvertently left cocaine and a scale at her apartment. Later, the mutual friend called and asked her to hold the paraphernalia until he could pick it up. When the informant arrived with the police officer a few days later, the Defendant said she did not recognize the informant because she had been drunk when she met him. After she allowed the men to enter her home, the informant pulled her aside and told her to act like the cocaine was hers to sell so that they could extract a higher price from the officer. According to the Defendant, the informant then summoned the officer into the bedroom, showed him what the cocaine weighed, and gave him the cocaine. The officer gave the informant the money, and the informant handed the money to the Defendant. The two men left together, but the Defendant said the informant later returned alone, measured the cocaine into three separate "eight ball" bags, and left once again, leaving the cocaine behind. Law enforcement arrived shortly thereafter and arrested the Defendant.

The Defendant's presentence report indicated she had previously been convicted of the following felonies: felony failure to appear, vandalism between $500 and $1000, and reckless endangerment involving a deadly weapon, where a car was used as a deadly weapon. The Defendant received judicial diversion for these convictions, and she was ordered to serve eight years of probation. While on diversion, she committed misdemeanor failure to appear and driving on a suspended license. She also committed the instant offenses while on probation. The Defendant's judicial diversion was revoked in August 2009, her convictions were entered, and she was sentenced to serve one year of confinement for her vandalism conviction, three years of supervised probation for her felony failure to appear conviction, and three years of supervised probation for her reckless endangerment involving a deadly weapon conviction.

At the conclusion of the sentencing hearing, the trial court imposed a total effective sentence of eleven years in the Tennessee Department of Correction. It is from these judgments that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant's chief contention is that the trial court erred when it imposed a sentence of eleven years, a sentence that made her ineligible for alternative sentencing. While the Defendant argues the trial court failed to apply a relevant mitigating factor, she also asserts that the trial court plainly should not have sentenced her in a way that ruled out probation. The mitigating factor the Defendant argues should have been applied to her sentence is factor (1), that her criminal conduct neither caused nor threatened serious bodily injury. T.C.A.§ 40-35-113(1) (2009).

The State responds first that, because defense counsel conceded at sentencing that no mitigating factors existed, the Defendant waived review of whether the trial court misapplied mitigating factor (1). The State argues additionally that, even were the trial court to have sentenced the Defendant to less than ten years, the Defendant was not otherwise a viable candidate for alternative sentencing due to her criminal record and her past failure with measures less restrictive than confinement.

First, we address whether the trial court erred in setting the length of the Defendant's sentence. When a defendant challenges the length, range, or manner of service of a sentence, this Court must conduct a de novo review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d) (2009). As the Sentencing Commission Comments to this section note, the burden is now on the appealing party to show that the sentencing is improper. T.C.A. § 40-35-401, Sentencing Comm'n Cmts. (2009). This means that if the trial court followed the statutory sentencing procedure, made findings of facts which are adequately supported in the record, and gave due consideration to the factors and principles relevant to sentencing under the Sentencing Act, Tennessee Code Annotated section 40-35-103 (2009), the appellate court may not disturb the sentence even if a different result was preferred. *State v. Ross*, 49 S.W.3d 833, 847 (Tenn. 2001). The presumption does not apply to the legal conclusions reached by the trial court in sentencing a defendant or to the determinations made by the trial court which are predicated upon uncontroverted facts. *State v. Dean*, 76 S.W.3d 352, 377 (Tenn. Crim. App. 2001); *State v. Butler*, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); *State v. Smith*, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994).

Specific to the review of the trial court's application of enhancement and mitigating factors, "the 2005 amendments deleted as grounds for appeal a claim that the trial court did not weigh properly the enhancement and mitigating factors." *State v. Carter*, 254 S.W.3d 335, 344 (Tenn. 2008). The Tennessee Supreme Court continued, "An appellate court is therefore bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." *Id*. at 346. The trial court shall also consider, but is not bound by, the guideline that the minimum sentence within the range should be imposed, but the sentence length, within the range, should be adjusted based on the presence or absence of mitigating and enhancement factors. T.C.A. § 40-35-210(c)(1) and (2) (2009).

Tennessee Code Annotated section 40-35-113 contains a non-exclusive list of mitigating factors that a trial court may apply to a defendant's sentence "if appropriate for the offense." T.C.A. § 40-35-113(2009). The list contains the following mitigating factor relevant to this appeal: (1) "The defendant's criminal conduct neither caused nor threatened serious bodily injury." T.C.A. § 40-35-113(1). The burden of proving applicable mitigating

4

factors rests upon the defendant. *State v. Moore*, No. 03C01-9403-CR-00098, 1995 WL 548786, at *6 (Tenn. Crim. App., at Knoxville, Sept. 18, 1995), *perm. app. denied* (Tenn. 1996).

The Defendant is a Range I, Standard Offender. *See* T.C.A. § 39-14-403(b) (2009). As such, her applicable sentencing range for her convictions for two facilitation convictions, both Class C felonies, is three to six years. *See* T.C.A. § 40-35-112(a)(3) (2009). The applicable sentencing range for her conviction for maintaining a dwelling where controlled substances are used or sold, a Class D felony, is two to four years. *See* T.C.A. § 40-35-112(a)(4). The applicable sentencing range for her conviction for delivery of over .5 grams of cocaine, a Class B felony, is eight to twelve years. *See* T.C.A. § 40-35-112(a)(2).

During the sentencing hearing in this case, only a presentence report was entered as evidence. The trial court applied the following enhancement factors to the Defendant's sentences: enhancement factors (1), that the defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range; enhancement factor (8), that the defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community; and enhancement factor (13)(c), that at the time the felony was committed, the defendant was released on probation. T.C.A. § 40-35-114(1), (8), and (13)(c). The trial court acknowledged that the Defendant's reckless endangerment with a deadly weapon conviction was based upon her involvement in a car crash. When asked whether he wished to put on proof of mitigating factors, defense counsel responded, "No, Judge. There are no statutory mitigations." Accordingly, the trial court applied no mitigating factors.

At the conclusion of the hearing, the trial court imposed a sentence of eleven years for the Defendant's conviction for delivery of over .5 grams of cocaine. For her convictions for facilitation of possession of over .5 grams of cocaine, maintaining a dwelling where controlled substances are used or sold, and facilitation of sale of more than .5 grams of cocaine, the Defendant received a five-year sentence, a four-year sentence, and another four-year sentence, respectively. The trial court ordered all of the Defendant's sentences to be served concurrently.

The Defendant contends the trial court improperly sentenced her because it did not apply mitigating factor (1). The trial court did not specifically address whether mitigating factor (1) applied to the Defendant's convictions. Instead, it found only that no statutory mitigating factors applied. The Defendant, however, not only did not file a notice of mitigating factors, but also explicitly told the trial court that no "statutory mitigations" existed in the Defendant's case. Nonetheless, this Court has held that an issue based on the failure of the trial court to consider certain mitigating factors is not waived for purposes of

appeal if there is evidence of such factors in the record. *State v. Lyle T. Van Ulzen and Billy J. Coffelt*, No. M2004-02462-CCA-R3-CD, 2005 WL 2874654, at *3 (Tenn. Crim. App., at Nashville, Oct. 31, 2005), *no perm. app. filed*. The Court noted:

> The Sentencing Commission comments are clear that the trial court is required to take into account all of the evidence presented at the trial and the sentencing hearing. Therefore, if evidence of a mitigating factor or factors is present at the trial or the sentencing hearing, the trial court is required to consider them in the sentencing process.

*Id*. at *4. We will, therefore, address this issue on its merits.

Mitigating factor (1) applies where the defendant's criminal conduct neither caused nor threatened serious bodily injury. *See* T.C.A. § 40-35-113(1). Our Supreme Court has emphasized factor (1)'s application "focuses not on the circumstances of the crime committed by a defendant as do many of the other mitigating and enhanc[ement] factors. Rather, this factor focuses upon the defendant's conduct in committing the crime." *See State v. Ross*, 49 S.W.3d 833 (Tenn. 2001). For example, the defendant in *Ross* was convicted of possession of cocaine based on his constructive possession of cocaine that was located within his hotel room and that he did not attempt to sell. The trial court refused to apply mitigating factor (1), reasoning that cocaine, an inherently dangerous substance, necessarily threatened serious bodily harm. *Id*. at 848. Our Supreme Court, however, held that factor (1) did apply because the defendant did nothing with the cocaine to threaten serious bodily injury, such as attempt to sell the cocaine. *Id*. The Supreme Court emphasized in *Ross* that mitigating factor (1) applies where the threat, if any, of serious bodily injury is "more conceptual than real." *Id*. Globally, however, *Ross* is understood to stand for the proposition that mitigating factor (1) is not per se excluded from cocaine possession convictions but that it may be excluded where a defendant actually attempted to sell cocaine. *See State v. Jeremy Sheron Hall*, No. E2003-02946-CCA-R3-CD, 2005 WL 428292, *13 (Tenn. Crim. App., at Knoxville, Feb. 24, 2005), *no Tenn. R. App. P. 11 application filed*; *State v. Michael Andrae Holman*, No. M2002-01471-CCA-R3-CD, 2003 WL 21713422, *7 (Tenn. Crim. App., at Nashville, July 23, 2003), *no Tenn. R. Crim. P. 11 application filed*.

The Defendant argues mitigating factor (1) applies to her convictions because nothing about the manner in which she carried out her offenses caused or created a risk of serious bodily injury. She compares the facts of her case to those of *Ross*, where the defendant did not actually sell drugs in the course of his offense, and where, as a consequence, this Court held that mitigating factor (1) applied. *See Ross*, 49 S.W.3d at 847-48. The Defendant argues that, because she, acting completely at the instruction of the confidential informant in this case, only briefly held the drugs and money that were exchanged, her actions did not

create a risk of serious bodily injury. She also points to the fact that the transaction took place in a controlled environment, her home, as an indication that any risk of serious bodily injury was conceptual rather than real.

We disagree with the Defendant's assessment of the facts underlying her convictions. First, in contrast to *Ross*, the Defendant was not convicted under a theory of constructive possession, as was the defendant in *Ross*. Moreover, the Defendant was engaged in the facilitation of the sale of cocaine at the time she was apprehended. The sale of drugs is a dangerous enterprise that threatens the safety of not only its participants but also the individuals in its vicinity. *See Hall*, 2005 WL 428292, at *13. Although the confinement of the drug activity to within the Defendant's apartment diminished the danger of the drug sale, it did not eliminate the sale's danger. For these reasons, the risk of serious bodily injury created by the Defendant's role in the controlled buy was more "real" than conceptual. The trial court did not err in declining to apply mitigating factor (1) to the Defendant's conviction.

In light of our determination that the trial court did not err by not applying mitigating factor (1) in the Defendant's case, and because the trial court sentenced the Defendant within the applicable range and otherwise complied with the Sentencing Act, this Court is bound by the trial court's decision as to the length of the sentence. *See Carter*, 254 S.W.3d at 346. We, therefore, affirm the Defendant's sentence of eleven years.

Having concluded that the trial court properly set the length of the Defendant's sentence at eleven years, we turn to the Defendant's general contention that alternative sentencing would have been a more appropriate punishment. The Defendant's brief on appeal acknowledges that a defendant lawfully sentenced to ten years or more is not eligible for probation. *See* T.C.A. § 40-35-303(A). Indeed, because the trial court properly sentenced the Defendant to eleven years, the Defendant is statutorily ineligible for alternative sentencing. *Id.* Therefore, review of whether alternative sentencing was appropriate is unnecessary. In the interest of thoroughness, however, we address the aspects of the Defendant's case that she argues justify alternative sentencing.

When sentencing the defendant to confinement, a trial court should consider whether:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
(C) Measures less restrictive than confinement have frequently or recently

been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(A)-(C) (2009). The potential or lack of potential for rehabilitation or treatment of the defendant must also be considered in determining whether alternative sentencing should be imposed. T.C.A. § 40-35-103 (2009)

The Defendant contends that, because she has a "great potential" for rehabilitation, because she was not carrying a weapon during her offenses, and because only one of her prior convictions, reckless aggravated assault, would "pose a threat to the public," she is a good candidate for alternative sentencing. First, we disagree that the Defendant has a significant potential for rehabilitation. In her presentence report, the Defendant continued to deny involvement in the drug transaction, insisting that she was merely a third party to sale, acting wholly at the instruction of the confidential informant. This was in direct contrast to the testimony from a law enforcement officer present during the sale. We conclude that the Defendant's lack of candor indicates her potential for rehabilitation is weak. Further, because the Defendant was on probation at the time she committed the instant offenses, measures less restrictive than confinement have recently been applied to the Defendant without success. *See* T.C.A. § 40-35-103(C). In summary, the Defendant's refusal to accept responsibility and the past failure of probation to curb her criminal activity indicate that an alternative sentence would not have been appropriate for the Defendant. We conclude that the trial court properly sentenced the Defendant in all respects, and she is not entitled to relief.

### III. Conclusion

After a thorough review of the record and applicable law, we conclude the trial court properly sentenced the Defendant. As such, we affirm the trial court's judgments.

_____
ROBERT W. WEDEMEYER, JUDGE